**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **SANTOS HERNANDEZ,** | § | |
| **(Wichita County No. 83054),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:21-cv-088-M-BP** |
| | § | |
| **JOHN DOE,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, inmate plaintiff Santos Hernandez has filed a civil case. The case was referred to the undersigned United States Magistrate Judge for pretrial management pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 2. Hernandez filed this civil suit, acting *pro se*, while housed in the Wichita County Jail Annex in Wichita Falls, Texas. ECF No. 1. That address is the same one that remains on file for Hernandez with the Clerk of Court.

On September 23, 2021, the Court issued an Order and Notice of Deficiency directing Hernandez to complete and file a civil rights complaint form, and to file an application to proceed *in forma pauperis* with a certificate of inmate trust account or pay the $402.00 filing fee no later than October 23, 2021. ECF No. 4. The order also warned Hernandez that "failure to timely comply with this order could result in a recommendation that Plaintiff's complaint be dismissed without prejudice and without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* As of today, Hernandez has not filed the required complaint form. Nor has

1

he filed a properly completed *in forma pauperis* application or paid the $402.00 filing and administrative fee.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Hernandez has not complied with the Court's September 23, 2021 order, and it appears that he no longer desires to pursue his claims in this cause. Absent compliance, this case cannot proceed. However, in light of the status of this case, the imposition of fines and costs is not appropriate. Although Hernandez has failed to comply with the Court's order, it is not evident from the record that he has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** Hernandez's Complaint **without prejudice** pursuant to Federal

Rule of Civil Procedure 41(b) for want of prosecution and failure to obey the Court's order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on November 5, 2021.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3